(Cincinnati Sup. Ct., Gen. Term., Nov., 1901.)
GEORGE HIEBER v. THE COMMERCIAL
—TRIBUNE COMPANY.

Error will not be considered upon the petition of one in whose favor the jury found all the substantive issues.

Per Curiam.

In this case the plaintiff in error had in the court below a verdict and judgment in his favor; the damages recovered by him were merely nominal. He prosecuted error here because of various alleged errors occurring at the trial below, and because of the court's action in overruling a motion for a new trial directed to the weight of the evidence.

All of the alleged errors complained of except the action of the court on the complaint that the verdict was against the weight of the evidence, are rendered immaterial in this court by reason of the fact that, assuming the court below did commit error, the plaintiff in error was not prejudiced, because, notwithstanding such error, the jury found all of the substantive issue in his favor. The only question left for us to determine is whether the amount of the damages was against the weight of the evidence.

There was conflicting evidence on that question, and following the well known rule of this court on that subject, we can not disturb the action of the court and jury below, unless such action was clearly and manifestly against the weight of the evidence. We can not say that it was. The judgment must, therefore, be affirmed.

*M. F. Galvin,* for Plaintiff in Error.

*T. M. Hinkle,* contra.

(Hamilton Co., O., Common Pleas, 1901.)
IN RE ESTATE OF EDWARD DE SERISY.

*Section 6173, Rev. Stat.—Executor's statement—*

1. A journal entry, under which a certificate of indebtedness is issued by the probate court for the purpose of filing the same in a partition suit in the common pleas and obtaining money to pay debts, as authorized b sec. 6173, Rev. Stat., 74 O. L., 167, will be set aside where the statement of the executor does not show all the assets and indebte ness of his estate, and especially where it does not show that the personal property is insufficient to pay the debts thereof.

*When notice to heirs is required—*

2. A proceeding under secs. 6173 and 6174, Rev. Stat., to procure a certificate of indebtedness to file in a suit in partition is one to sell lands to pay debts, and where the claims for the payment of which the sale of the land is, required include one due the executor, the heirs should have notice and be allowed to defend against it if such claim is denied.

APPEAL.
S. W. SMITH, J.

In this case heard on appeal from the probate court to vacate and set aside the journal entry and certificate of indebtedness of the executor in the above estate relating to the obtaining of a certificate by the executor as to the debts of the estate for the purpose of filing the same in a partition suit in the common pleas court, the court is of the opinion that under the law governing such matters contained in 74 O. L., 167, 168, sections 6173 and 6174, Revised Statutes, that said journal entry under which the certificate of indebtedness was issued should be set aside.

The law in question provides that whenever an executor or administrator shall become satisfied that the personal assets in his hands belonging to such estate are insufficient to pay the indebtedness thereof, and while there yet remains in the hands of the sheriff or other officer of the court money due or to become due payable to him, arising from the sale of real estate in partition which might be sold by such executor or administrator to pay debts, it shall be the duty of such executor or administrator to file under oath, with the probate court of the proper county, a written statement showing all the assets and the indebtedness of such estate, so far as can be ascertained, and upon the probate court being satisfied from such evidence as may be presented, that the personal assets of such estate are insufficient to pay the debts of the estate, the court shall so make a finding upon its journal, and furnish a certificate to the executor or administrator so applying, stating the aggregate amount of the personal assets and indebtedness of such estate, together with the amount which will be required in addition to the amount of the personal assets to pay the debts of such estate. And when the real estate has been sold in partition suit, and the proceeds are in the hands of the sheriff or other officer of the court, it is provided that when it shall further be made to appear to such court on the application of the executor or administrator of such decedent, by his motion in writing, together with the certificate of the probate court that the personal assets of such estate are insufficient to pay the debts and expenses of administration, it shall be the duty of the court to order the sheriff out of such funds to pay the amount so required, or as much thereof as he may have